# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JULIE KAY MORAL, )
 )
       Plaintiff, )
 )
vs. ) Case No. 10-2595-MLB-KGG
 )
RONALD HAGEN, )
 )
       Defendants. )
 )

## ORDER ON IFP STATUS

Plaintiff Julie Kay Moral filed an a federal court Complaint alleging Constitutional violations relating to her allegedly illegal arrest. She also filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), as well as an Affidavit of Financial Status (Doc. 4, sealed). Having reviewed Plaintiff's motion, as well as her Complaint and its extensive attachments, the Court is prepared to rule.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

According to her supporting financial affidavit, Plaintiff is 41-years-old, married, and lists 4 dependents. (Doc. 4, sealed, at 1-2.) Three of her four listed dependents are 18 years of age or older, although all three apparently are in college. Despite instructions in the affidavit, Plaintiff does not list the amount of monthly support given to each dependent, but rather states that the college-age dependents "have extensive scholarships and financial aid" while she and her husband "provide the normal support provided" to their eight-year-old son. (*Id.*, at 2.)

Plaintiff and her spouse are both currently unemployed. They had previously been self-employed by a business they owned and operated together,

2

but it went out of business in 2009.  (*Id*., at 3.)  Previously, she made a reasonablely healthy monthly wage.  (*Id*.)  She lists approximately $400.00/month of income from other sources, ostensibly in the form of assistance from her parents and college-aged children.  (*Id*., at 4, 6.)

Plaintiff and her husband own their home, but continue to owe on the mortgage.  (*Id*., at 3-4.)  Although she and her husband own "some real property" in the corporation they owned, this property "is all in foreclosure."  Plaintiff lists one automobile owned outright, but indicates that it is registered in her son's name.  (*Id*., at 4.)  She lists typical monthly expenses, including groceries, gas, telephone, utilities, and automobile insurance.  (*Id*., at 5.)  While Plaintiff lists a sizeable amount of cash on hand, it is much less than enough to cover one month of their monthly household expenses.  (*Id*., at 4.)  Plaintiff also lists a very significant federal tax lien.  (*Id*., at 6.)  She has not filed for bankruptcy, but indicates that she and her husband "have basically nothing left" but are "working on both becoming gainfully employed again . . ."  (*Id*., at 6.)

Considering all of the information contained in the financial affidavit, Plaintiff has significant yet reasonable monthly expenses with no current income other than gifts from her parents and college-aged children.  Given her family's current financial situation, the Court finds that Plaintiff has established that she is

entitled to file this action without payment of fees and costs. Therefore, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* and directs that this case be filed without payment of a filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to File Action Without Payment of Fees, Costs or Security (Doc. 3, sealed) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk's office shall proceed to issue summons in this case.

Dated at Wichita, Kansas, on this 23nd day of November, 2010.

    s/ KENNETH G. GALE
    KENNETH G. GALE
    United States Magistrate Judge