**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JULIE K. MORAL,               ) | |
|                ) | |
|        Plaintiff,      ) | |
|                ) | |
| v.                     ) | Case No. 10-cv-2595-MLB-KGG |
|                ) | |
| RONALD HAGEN,       ) | |
|                ) | |
|        Defendant.     ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY

Defendant has filed a Motion to Stay Discovery (Doc. 14) until the court rules on his

Motion to Dismiss (Doc. 8).  In support of his motion, Defendant argues that the stay is

appropriate because he is likely to prevail, and because the motion raises an issue of qualified

immunity.  Plaintiff opposes the motion, arguing that Defendant is not likely to prevail on his

motion to dismiss, and urging the court to permit limited discovery to allow Plaintiff to refute the

contentions of qualified immunity (Doc. 18).

Plaintiff filed this action against the defendant, a Kansas Bureau of Investigation Agent

in his individual capacity, alleging that Defendant filed a false affidavit which resulted in her

arrest.  She alleges that the affidavit was false, insufficient and motivated by Defendant's

interference with her relationship with her husband. She alleges violations of her First and

Fourteenth Amendment rights under color of state law.  She also pleads a state law cause of

action for malicious prosecution. (Doc. 1).

Defendant has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),

arguing that Plaintiff has failed to state a claim upon which relief may be granted. (Doc. 8).

Defendant argues various deficiencies in plaintiff's allegations of her claims under the First and

Fourteenth Amendments, and raises the defense of qualified immunity.  In his memorandum in support of the motion to dismiss (Doc. 9), Defendant asks the court to take judicial notice of, and attaches copies of, certain documents from state court (footnotes 2 and 3, and Exhibits A and B, Doc. 9).

Defendant's motion is granted.  It is the general policy in this District not to stay discovery while a dispositive motion is pending.  ***Wolf v. United States***, 157 F.R.D. 494, 495 (D.Kan. 1994).  However,

> it is appropriate for a court to stay discovery until a pending dispositive motion is decided, especially where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome.

***Id***.  The purely legal question raised by an immunity defense should be resolved at the earliest possible stage in the litigation.  ***Medina v. Cram***, 225 F.3d 1531, 1534 (10th Cir. 1995).  Courts have routinely held that discovery should be stayed while issues of immunity are being resolved.  *See generally* ***Harlow v. Fitzgerald***, 457 U.S. 800, 818 (1982).

Defendant has presented some evidence in this case outside of the Plaintiff's pleadings through a request that the court take judicial notice of official state court records.  Whether or not this causes the District Court to view the motion to dismiss as a motion for summary judgment (Fed.R.Civ.P. 12(d)), Plaintiff does not suggest how additional discovery may rebut or refute those submissions.  Although Plaintiff urges the court to allow limited discovery "to refute the contentions of qualified immunity," she does not specify what discovery would be helpful in resisting the motion to dismiss.

The Court makes no finding in this motion regarding the merits of Defendant's motion to dismiss.  However, it is appropriate to determine whether Plaintiff's Complaint, as plead, is

sufficient to overcome the defense of qualified immunity before the matter proceeds to discovery.

Defendant's motion is **GRANTED**.  All discovery in this matter is stayed pending the District Court's ruling on Defendant's motion to Dismiss.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay Discovery (Doc. 14) is **GRANTED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 2nd day of February, 2011.

s/Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge