## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JULIE K. MORAL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 10-2595-KHV |
| | ) | |
| RONALD HAGEN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Julie K. Moral brings suit against Ronald Hagen, an agent for the Kansas Bureau of Investigation ("KBI"), under 42 U.S.C. § 1983.[1]  She claims that defendant violated her First Amendment right to free speech and association.[2]  According to plaintiff, defendant retaliated against her for complaining to the KBI about his actions and for associating with her husband in furtherance of the common goal of seeking redress and supporting her husband with respect to defendant's investigation of them.  Based on defendant's investigation, plaintiff was arrested.  Upon arrest, a Kansas magistrate judge set plaintiff's bail at $25,000.  For this she claims that defendant violated her Eighth Amendment right against excessive bail.  This matter is before the Court on Defendant Ron Hagen's Motion For Summary Judgment (Doc. #28) filed September 7, 2011; Plaintiff's Motion To Continue Response Deadline For Answer Of Defendant's Motion For Summary Judgment (Pursuant To Fed. R. Civ. P. 56(f)) (Doc. #51)

---

[1]     Plaintiff filed suit pro se, but counsel has since entered an appearance on her behalf. See Entry Of Appearance (Doc. #69) filed October 7, 2011.

[2]     Plaintiff's complaint also alleged a claim for malicious prosecution.  The Court sustained defendant's motion to dismiss this claim. Memorandum And Order (Doc. #21) filed July 14, 2011.

filed September 20, 2011;[3] and plaintiff's <u>Motion For Leave To File An Amended Petition</u> (Doc. #44) filed September 14, 2011.

The Court sustains plaintiff's motion to amend her complaint.  Because the amendments relate to plaintiff's First Amendment claims, the Court overrules defendant's request for summary judgment on those claims.  The Court overrules as moot plaintiff's Rule 56(d) motion, which relates only to her First Amendment claims.  Finally, the Court sustains defendant's motion for summary judgment with respect to plaintiff's Eighth Amendment excessive bail claim.

## I.      Plaintiff's Motion For Leave To File Amended Complaint

Plaintiff's motion for leave to amend is a request to "tighten . . . up" the complaint and "provide additional facts to further support the claims that are currently before the court." <u>Motion For Leave To File Amended Petition</u> (Doc. #44) at 1.  Plaintiff filed her motion the day before the deadline for doing so.  <u>See id.</u> (filed September 14, 2011); <u>Scheduling Order</u> (Doc. #27) filed August 31, 2011 (deadline for amending pleadings September 15, 2011).  Whether to grant leave to amend is within the broad discretion of the Court.  <u>Minter v. Prime Equip. Co.</u>, 451 F.3d 1196, 1204 (10th Cir. 2006).  Under Rule 15(a)(2), Fed. R. Civ. P., the Court "should freely give leave when justice so requires."  Refusing leave to amend is generally justified only on a showing of undue delay, undue prejudice to the opposing party, bad faith, failure to cure by previous amendments or futility.  <u>Minter</u>, 451 F.3d at 1204 (citing <u>Foman v. Davis</u>, 371 U.S. 178 (1962)).

Defendant argues that the Court should overrule plaintiff's motion to amend because of undue delay, bad faith and dilatory motive.  Because plaintiff filed her motion for leave to amend before the

---

[3]      Under the 2010 amendments to the Federal Rules of Civil Procedures, Rule 56(f) became Rule 56(d).  The Court will therefore refer to plaintiff's motion as a Rule 56(d) motion.

scheduling order deadline for doing so, and because some of plaintiff's proposed additional allegations appear to be based on facts which she learned after filing her complaint, defendant's arguments with respect to undue delay and dilatory motive are without merit.  With respect to bad faith, defendant provides little if any factual basis for a finding that plaintiff is acting in bad faith.  Defendant also argues that sustaining plaintiff's motion would prejudice him because it would require him to redraft and resubmit his motion for summary judgment.  This, however, is one of the risks of filing a motion for summary judgment before the deadline for amending the pleadings.  The Court therefore sustains plaintiff's motion for leave to amend.  On or before Friday, May 25, 2012, plaintiff shall file an amended complaint that reflects the proposed amendments attached to her motion to amend – allegations numbered 1 through 82 on pages 2 through 11 of plaintiff's Proposed First Amended Petition (Doc. #44-1) filed September 14, 2011.

Defendant has stated that sustaining plaintiff's motion to amend will require him to redraft and resubmit his motion for summary judgment.  Therefore the Court does not address the portions of defendant's motion for summary judgment that plaintiff's proposed amendments could affect, namely her First Amendment claims.  Because plaintiff's Rule 56(d) motion relates to only her First Amendment claims, the Court overrules the motion as moot.

## II.    Defendant's Motion For Summary Judgment

### A.          Summary Judgment Standard

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th

Cir. 1993).  A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law."  Liberty Lobby, 477 U.S. at 248.  A "genuine" factual dispute requires more than a mere scintilla of evidence. Id. at 252.

The moving party bears the initial burden of showing the absence of any genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hicks v. City of Watonga, 942 F.2d 737, 743 (10th Cir. 1991).  Once the moving party meets his burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial as to those dispositive matters for which she carries the burden of proof.  Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991).  The nonmoving party may not rest on her pleadings but must set forth specific facts.  Applied Genetics, 912 F.2d at 1241.

The Court views the record in the light most favorable to the nonmoving party. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991).  It may grant summary judgment if the nonmoving party's evidence is merely colorable or is not significantly probative.  Liberty Lobby, 477 U.S. at 250-51.  In response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial. Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988).  Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Liberty Lobby, 477 U.S. at 251-52.

**B.**        **Facts**

The following facts are either uncontroverted, deemed admitted or where controverted, viewed in the light most favorable to plaintiff, the nonmovant.  Moreover, these facts are limited to only those necessary to decide defendant's request for summary judgment on plaintiff's Eighth Amendment excessive bail claim.

On or about March 12, 2009, defendant interviewed plaintiff regarding the activities of her husband, Carlos Moral, and M & M Investors, a corporation which plaintiff and her husband ran. During the interview, defendant told plaintiff that he was investigating her husband, and informed her that if her husband committed criminal acts through the corporation, plaintiff could also be held accountable.  Plaintiff claimed to know nothing of the financial activities conducted on her personal and corporate bank accounts related to a particular transaction.  Defendant told plaintiff to save herself and said that he would be seeing her every week if she continued to support her husband.

In August of 2009, the Finney County Attorney's Office asked defendant to travel to Finney County to investigate a complaint by Dena Sattler, editor and publisher of the Garden City Telegram, to the Kansas Attorney General's office.  Sattler complained that plaintiff and her husband, by and through M & M Investors, obtained printing services from the Garden City Telegram that they did not intend to pay for.  The parties dispute when plaintiff became a suspect in defendant's investigation. Defendant's case initiation report did not list plaintiff as a suspect, but the record shows that he was actively investigating plaintiff from the beginning of his investigation.

Defendant's investigation found that plaintiff and her husband did obtain printing services for which they did not pay.  When confronted about their failure to pay, plaintiff's husband gave an invalid

credit card number and a worthless E*Trade check.[4]  The Garden City Telegram received a fax from plaintiff's flower shop in Ulysses, Kansas that attempted to show that plaintiff and her husband's accountant, Scott Davis, in Wichita, Kansas, had sent payment by Federal Express.  The accountant, however, did not exist.  Plaintiff denies sending the fax.  Defendant also found that plaintiff e-mailed Sattler about the outstanding balance.  Plaintiff stated that an accounting firm in Wichita was responsible for the late payments.  Defendant told Sattler that plaintiff's husband was involved in a $10 million money laundering scheme, but did not pressure the Garden City Telegram to pursue criminal charges against plaintiff and her husband.

On November 2, 2009, defendant submitted an affidavit regarding the findings of his investigation to the Assistant Finney County Attorney, Tamara Hicks.  Defendant was the only law enforcement officer to investigate this matter.

Some time in November of 2009, plaintiff's husband filed a formal complaint against defendant with the KBI.  According to plaintiff, she and her husband also informally complained about defendant's actions.

On January 12, 2010, Hagen signed the affidavit regarding the findings of his investigation, which he had submitted to Hicks.  On January 21, 2010, Hicks signed a criminal complaint against plaintiff and her husband.  The complaint charged two crimes – theft of services and giving a worthless check.  Hicks presented the complaint and affidavit to Kansas Magistrate Judge Ricklin Pierce who issued a warrant for plaintiff's arrest.  Law enforcement officers subsequently arrested plaintiff.  Hagen was not present when Hicks presented the complaint and affidavit to Judge Pierce or when the other

---

[4]      The parties dispute whether the E-Trade check was a legal check for purposes of the worthless check statute.  Although the Court refers to the E-Trade document as a "check," it does not determine whether it constitutes a check for purposes of the worthless check statute.

officers arrested plaintiff.  According to plaintiff, defendant was in the booking area, where he laughed and snickered at her.  Judge Pierce subsequently set plaintiff's bail at $25,000.

####    C.        Analysis

Plaintiff argues that the $25,000 bail was excessive, in violation of the Eighth Amendment.  The basis for her excessive bail claim is that defendant filed the affidavit which led to her arrest.  In Kansas, however, the amount of bail is the province of state magistrate judges.  Kan. Stat. Ann. § 22-2802.  Moreover plaintiff presents no evidence that defendant set her bail or had anything to do with the bail amount which Judge Pierce set.  See Schamp v. Shepack, No. 06-CV-4015-JAR, 2006 WL 2850285, at *3 (D. Kan. Oct. 4, 2006) (dismissing Eighth Amendment excessive bail claim against non-judicial defendants who did not set or affect amount of bond) (citing Walden v. Carmack, 156 F.3d 861, 874 (8th Cir. 1998) (where bail set at discretion of judicial officer, law enforcement has no Section 1983 liability for excessive bail); Potter v. Clark, 497 F.2d 1206, 1208 (7th Cir. 1974) (plaintiff cannot bring action for excessive bail since defendant was not responsible for setting bail); Duncan v. Fapso, No. Civ.A.-05-C-1193, 2006 WL 328262, at *4 (N.D. Ill. Feb. 9, 2006) (dismissing excessive bail claim because police officer not liable for actions of court)).

Citing Malley v. Briggs, 475 U.S. 335 (1986), plaintiff argues that defendant's "retaliatory affidavit" impaired the independence of Judge Pierce.  But plaintiff cites no authority for applying Malley in this context, and cites no facts or law to support a finding that the $25,000 bail was unconstitutionally excessive.  Even construing the facts in the light most favorable to plaintiff and drawing every reasonable inference in her favor, no reasonable jury could find that defendant violated plaintiff's Eighth Amendment right against excessive bail.  The Court therefore sustains defendant's motion for summary judgment on plaintiff's Eighth Amendment claim for excessive bail.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to File an Amended Petition (Doc. #44) filed September 14, 2011 be and hereby is **SUSTAINED**. **On or before Friday, May 25, 2012 plaintiff shall file an amended complaint that reflects the proposed additional allegations attached to her motion – allegations numbered 1 through 82 on pages 2 through 11 of plaintiff's Proposed First Amended Petition** (**Doc. #44-1**) **filed September 14, 2011.**

**IT IS FURTHER ORDERED** that Defendant Ron Hagen's Motion For Summary Judgment (Doc. #28) filed September 7, 2011 be and hereby is **SUSTAINED in part**. The Court sustains the motion with respect to plaintiff's Eighth Amendment claim. It overrules the motion as moot with respect to plaintiff's First Amendment claims.

**IT IS FURTHER ORDERED** that Plaintiff's Motion To Continue Response Deadline For Answer Of Defendant's Motion For Summary Judgment (Pursuant To Fed. R. Civ. P. 56(d)) (Doc. #51) filed September 20, 2011 be and hereby is **OVERRULED as moot**.

Dated this 17th day of May, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge